IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00522-GPG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

JOHN L. CALVERT,

    Petitioner,

v.

[NO NAMED RESPONDENT]

    Respondent.

## ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES

Petitioner, John L. Calvert, is in the custody of the Federal Bureau of Prisons and is incarcerated at FCI-Englewood, Colorado. He initiated this action in the District Court for the Eastern District of Washington. The case was transferred to this Court because Mr. Calvert appeared to be challenging the execution of his sentence in Colorado. As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the Letter (ECF No. 1) submitted by Mr. Calvert is deficient as described in this order. Petitioner will be directed to cure the following if he wishes to pursue any claims in this court in this action. Any papers that Mr. Calvert files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   xx   is not submitted
(2)   ___   is missing affidavit

(3)  __   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  xx   is missing certificate showing current balance in prison account
(5)  __   is missing required financial information
(6)  __   is missing an original signature by the prisoner
(7)  xx   is not on proper form (must use the court's current form)
(8)  __   names in caption do not match names in caption of complaint, petition or habeas application
(9)  xx   other: Petitioner may pay the $5.00 filing fee in lieu of filing a § 1915 motion and affidavit.

**Complaint, Petition or Application**:
(10) xx   is not submitted
(11) xx   is not on proper form (must use the court's current form)
(12) __   is missing an original signature by the prisoner
(13) __   is missing page nos. __
(14) __   uses et al. instead of listing all parties in caption
(15) __   names in caption do not match names in text
(16) __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) __   other:

Mr. Calvert is reminded that he challenged the execution of his sentence in *John L. Calvert v. Deborah Denham, Warden*, Civil Action No. 14-cv-01966-LTB, which was dismissed with prejudice on September 29, 2014 (ECF No. 14), and affirmed by the Tenth Circuit Court of Appeals in No. 14-1414 (10th Cir. Feb. 9, 2015) (ECF No. 20).

The abuse of the writ doctrine bars a petitioner from asserting new claims that could have been raised in an earlier § 2241 proceeding. *See McCleskey v. Zant*, 499 U.S. 467, 483-84 (1991). This principle was incorporated into 28 U.S.C. § 2244(a)(1). *See Stanko v. Davis*, 617 F.3d 1262, 1270-71 (10th Cir. 2010) (interpreting the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 (1996) and previous case law to conclude that second or successive § 2241 petitions may be

dismissed under abuse of the writ principles), *cert. dismissed*, 131 S. Ct. 973 (2011). Accordingly, when a petitioner presents a new claim in a second or subsequent habeas petition, the petitioner must show "cause for his failure to raise the claim in an earlier proceeding and resulting prejudice." *Stanko*, 617 F.3d at 1271; *see also George*, 62 F.3d at 335. Absent such a showing, a court may not hear the claim unless a petitioner shows that the case implicates a fundamental miscarriage of justice. *Id.* Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Petitioner files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Petitioner shall obtain the court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in curing the designated deficiencies. It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice. It is

FURTHER ORDERED that the "Motion for Appointment of Counsel" (ECF No. 3) is DENIED without prejudice as premature.

DATED May 4, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge