IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00522-GPG

JOHN L. CALVERT,

    Applicant,

v.

DEBORAH DENHAM,

    Warden.

ORDER OF DISMISSAL

    Applicant, John L. Calvert, is in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Institution in Englewood, Colorado.  Mr. Calvert has filed, *pro se,* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 8).  He has paid the $5.00 filing fee.

    The Court construes the Amended Application liberally because Mr. Calvert is not represented by counsel.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Amended Application will be denied and this action dismissed.

**I. Background**

    On June 28, 2001, Mr. Calvert was sentenced in the United States District Court for the Eastern District of Washington, Case No. 99-CR-154-EFS, to a 330-month prison term. See *United States v. Calvert*, 2013 WL 4726927, at *1 (E.D.Wash. Sept. 3,

2013).  Following a series of appeals and resentencings, the Ninth Circuit affirmed a 270-month sentence which was imposed on November 30, 2006.  (*Id.*); *see also United States v. Calvert*, 511 F.3d 1237 (9th Cir. 2008).  On April 18, 2013, the sentencing court entered a Fourth Amendment Judgment to offset Applicant's 270-month sentence by time served in state custody (on a related state crime) or in federal custody (for his current offense), prior to his initial federal sentencing.  *Calvert*, 2013 WL 4726927, at *1; *see also United States v. John L. Calvert*, E.D.Wash. Case No. 99-CR-00154, Docket No. 481.[1]  The Fourth Amended Judgment reduced Applicant's sentence to 237 months and 14 days.  *Id.*

Mr. Calvert alleges in the Amended Application that in September 2014, the BOP recalculated his sentence for the second time since the sentencing court issued the April 18, 2013 Fourth Amended Judgment.  (ECF No. 8, at 2-3).  He contends that the BOP "took 243 days of prior jail custody credit, and 54 days of vested good conduct time, which had been in place for 16 years and through several resentencings."  (*Id.* at 3).  Applicant requests that the 243 days of jail credit and 54 days of earned and good conduct time be restored and that he be released from prison immediately.  (*Id.* at 6).

On August 12, 2015, Respondent filed a Preliminary Response (ECF No. 16) to the Amended Application stating that she did not intend to raise the procedural defense of failure to exhaust administrative remedies.

---

[1]*See* www.pacer.gov.  The Court may take judicial notice of the documents filed in other federal cases involving Mr. Calvert.  *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *see also Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

## II. Merits Analysis

The sentencing court reduced Applicant's sentence from 270 months to 237 months and 14 days on April 18, 2013, "to reflect the Court's intent that Mr. Calvert receive credit for 'time served' before his initial sentencing." *Calvert*, 2013 WL 4726927, at *1. As a result, the BOP adjusted Applicant's sentence computation to grant him 54 days of Good Conduct Time (GCT) for each year served, beginning on June 28, 2001, the date his original sentence was imposed. *See id.* (*See also* Sentence Monitoring Good Time Data report dated January 5, 2015, ECF No. 8, at 11). Previously, the BOP had granted Applicant GCT for each year served, commencing on October 28, 2000, to account for 243 days of prior custody credit awarded by the BOP. (ECF No. 8, at 10). The withdrawal of 243 days of prior custody credit has delayed Mr. Calvert's projected release date, via GCT, to September 22, 2018. (*Id.* at 10, 11).

### A. Applicable legal standards

Computation of a federal prison sentence is governed by 18 U.S.C. § 3585. That statute provides:

> (a) Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

3

that has not been credited against another sentence.

18 U.S.C. § 3585. *See also Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir.2006) (computation of a federal sentence requires consideration of two separate issues: (1) the commencement date of the federal sentence, and (2) the extent to which a defendant can receive credit for time spent in custody prior to commencement of his sentence).

> The statute authorizing an award of GCT provides, in relevant part:
>
> a prisoner who is serving a term of imprisonment of more than 1 year . . . other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).

### B. Applicant is not entitled to reinstatement of the prior custody credit

To the extent Mr. Calvert argues that the 33-month reduction in his federal sentence qualifies as "prior custody credit" under § 3585(b), he is mistaken. Indisputably, a sentencing court does not have authority to grant a prior custody credit under the statute. *See al-Marri v. Davis*, 714 F.3d 1183, 1187 (10th Cir. 2013) (citing *Wilson v. United States*, 503 U.S. 329, 334-35 (1992) (stating that § 3585(b) "does not authorize a district court to compute the credit at sentencing"; instead, only the Attorney General, through the BOP, may compute credit). Furthermore, the sentencing court indicated that its decision to reduce was pursuant to Fed. R. Crim. P. 36, which allows a federal district court to correct an error in the judgment arising from oversight or

mistake. See E.D.Wash. Case No. 99-CR-00154, Docket Nos. 433, at 2; No. 460; No. 481, at 1; see also Calvert, 2013 WL 4726927, at *1 (stating that the court entered a Fourth Amendment Judgment on April 18, 2013 "to remedy an oversight . . . in its prior Judgments" - namely, that Mr. Calvert had not received credit from the BOP for time served in state or federal custody prior to his initial sentencing, as the court had intended).

In addition, Mr. Calvert fails to cite any authority for the proposition that a federal prisoner whose sentence has been reduced by the sentencing court to account for time spent in state or federal custody prior to federal sentencing is entitled to an award of prior custody credit from the BOP, under § 3585(b), for the same period. Cf. Sliker v. Winn, No. 07-1564 ADM/FLN, 2008 WL 191298 (D. Minn. Jan. 23, 2008) (affirming magistrate judge's recommendation that § 2241 petition be denied because "[petitioner's] sentence, as corrected in the Fourth Amended Judgment, provided him with credit for time served, [and, therefore] the BOP was not required to further reduce his sentence" under § 3585(b)). Further, Applicant's proposition is contrary to the intent of § 3585(b), in which "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337.

Accordingly, the Court finds that Mr. Calvert is not entitled to reinstatement of the 243 days of "jail credit" that he was awarded by the BOP before his sentence was reduced 33 months by the federal district court in April 2013.

### C. Applicant is not entitled to reinstatement of GCT

Mr. Calvert's claim that he is entitled to reinstatement of 54 days of GCT is foreclosed by the Tenth Circuit's decision in al-Marri.

In *al-Marri*, the petitioner pleaded guilty to one count of violating 18 U.S.C. § 2339B(a)(1) (providing material support or resources to a designated foreign terrorist organization). 714 F.3d at 1185. Before sentencing, the BOP indicated to the court that, pursuant to § 3585(b), it would not grant the petitioner prior custody credit for the 71 months that he was held as a material witness and an enemy combatant. *Id.* at 1185-86. Based on the BOP's representation, the court reduced the petitioner's maximum period of confinement by 71 months "to reflect the periods of time for which he will not be credited by the [BOP]." *Id.* at 1186. After sentencing, the BOP credited Mr. al-Marri, under § 3585(b), for periods spent in pre-trial detention, but refused to grant him prior custody credit for the 71 months he was held as a material witness and an enemy combatant. *Id.* Mr. al-Marri thereafter filed a § 2241 petition seeking a statutory calculation of GCT for the 71-month detention period. *Id.* The district court denied relief. *Id.* On appeal, the Tenth Circuit initially rejected petitioner's contention that the 71-month sentence reduction qualified as "prior custody credit" under § 3585(b). *Id.* at 1186-87. The Tenth Circuit then addressed Mr. al-Marri's argument that the 71-month period constituted "time served" and, therefore, part of the "term of imprisonment" within the meaning of the GCT statute, 18 U.S.C. § 3624(b). *Id.* at 1187.

The *al-Marri* court recognized that § 3624(b)'s phrase "term of imprisonment" is ambiguous because it could be interpreted as encompassing presentence custody credited under § 3585(b) or presentence custody as reflected in a sentence reduction ordered by the sentencing judge. *See id.* Pointing to the Second Circuit's decision in *Lopez v. Terrell*, 654 F.3d 176, 184 (2d Cir. 2011), the Tenth Circuit resolved the ambiguity by deferring to what it determined was the BOP's persuasive interpretation of

6

§ 3624(b).  *Id.* at 1188.

In *Lopez*, the BOP contended that "as used in § 3624(b), an inmate's 'term of imprisonment' is coterminous with his or her federal sentence as defined under 18 U.S.C. § 3585, such that he or she is eligible for GCT only as to the period of incarceration following the date of sentencing, as well as for any presentence custody credited to that period under § 3585(b)."  *Lopez*, 654 F.3d at 177.  The Second Circuit found the BOP's interpretation of the statute persuasive and deferred to its construction.  *Id.* at 178.  The *Lopez* court held that "the most natural reading of the statute is that a defendant is eligible for GCT only as to the 'term of imprisonment' which constitutes the defendant's federal sentence as defined by § 3585."  *Id.* at 184 (holding that GCT could not be awarded to the petitioner where the sentencing court granted an adjustment under U.S.S.G. § 5G1.3(b) for presentence custody because that time does not constitute part of the defendant's federal sentence).

Agreeing with the Second Circuit's reasoning in *Lopez*, the Tenth Circuit in *al-Marri* deferred to the BOP's statutory interpretation and concluded that under § 3624(b), a federal prisoner is entitled to an award of GCT based on his or her "actual sentence," as delineated in § 3585.  *al-Marri*, 714 F.3d at 1188.

In this case, the BOP has determined, consistent with § 3585(a), that Mr. Calvert's sentence commenced on June 28, 2001, the date sentence was initially imposed.  (ECF No. 8, at 10-11).  *See also United States v. Flores,* 616 F.2d 840, 841 (5th Cir.1980) (stating that under § 3585(a), "a federal sentence cannot commence prior to the date it is pronounced"); *DeMartino v. Thompson,* No. 96–6322, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (unpublished) (same, citing *Flores*).  Further, the BOP is

not required to award Applicant prior custody credit under § 3585(b) for the reasons discussed above.  As such, the BOP's interpretation that Mr. Calvert started accruing GCT on June 28, 2001, and not earlier, is consistent with federal law.  *See al-Marri*, 714 F.3d at 1188; *see also Lopez*, 654 F.3d at 184 (recognizing that only if prior custody credit is awarded under § 3585(b) does the calculation of GCT include the time spent in custody prior to federal sentencing, "since both periods, in combination, constitute the defendant's federal sentence.").

In sum, Mr. Calvert has failed to show that the BOP's computation of his sentence violates federal law.  Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Applicant, John L. Calvert, is DENIED.  It is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Calvert files a notice of appeal, he must pay the appellate filing fee of $505.00 or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated August 18, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court